IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CONNIE CARLSON-BERRY,

                Plaintiff,

  v.                                                                                                         ORDER

CAROLYN W. COLVIN,                                                15-cv-620-jdp
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Connie Carlson-Berry seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Carlson-Berry's motion for summary judgment on July 5, 2016. For the reasons summarized here and stated more fully at the hearing, the court will remand this case to the Commissioner for further proceedings.

      Carlson-Berry suffers from a back injury, right shoulder problems, hand problems, hip problems, right knee problems, fibromyalgia, an inability to sleep, restless leg syndrome, high blood pressure, and thyroid problems. Nevertheless, the ALJ found that Carlson-Berry had the residual functional capacity (RFC) to perform sedentary work with additional limitations. R. 23.[1] Specifically, Carlson-Berry can lift or carry 10 pounds occasionally, less than 10 pounds frequently; she can stand or walk for two hours out of an eight-hour workday; she can sit for six hours out of an eight-hour workday; she can balance frequently; she can occasionally stoop, crouch, and crawl; she is not to kneel; she can occasionally reach, handle,

---

[1] Record citations are to the administrative record. Dkt. 8.

and finger with the left upper extremity; she can reach, handle, and finger with the right upper extremity greater than frequently, but less than continuously. *Id.* Based on this RFC, the ALJ determined that Carlson-Berry can perform jobs in the economy and was thus not disabled.

Carlson-Berry asserted that the ALJ committed six errors in his decision. The court agrees that two of these errors warrant remand.

**A. Failure to include shoulder limitation in RFC**

Carlson-Berry contends that the RFC wrongfully omitted a restriction on her ability to reach overhead with her right arm. The ALJ discussed Carlson-Berry's right shoulder issues, but noted that her rotator cuff test showed normal strength and functioning, and that she tested negative on multiple other assessments. R. 25. The ALJ also acknowledged that "her right shoulder had a slight limited range of motion that is chronic," based on Carlson-Berry's self-report, and that Carlson-Berry had reported "tenderness to palpation over the upper trapezius muscle." *Id.*

At the hearing, Ollie Raulston, MD, a board-certified orthopedic surgeon, testified that Carlson-Berry should do "[n]o overhead reaching with the right upper extremity." R. 95. The ALJ apparently accepted Dr. Raulston's opinion, repeating his recommendation that "she is not to reach overhead with her right arm," and giving the opinion "significant weight." R. 26. The consultative examiner, E. Carlsen, MD, diagnosed Carlson-Berry with status post right shoulder surgery, and his opinion was also given "significant weight." R. 26-27.

Although the ALJ recognized Carlson-Berry's right shoulder problems, he did not properly account for them in the RFC. The RFC actually assigns greater restriction to Carlson-Berry's *left* side. The RFC states that "she can reach handle and finger with the right

2

upper extremity greater than frequently but less than continuous." R. 23. This simply does not square with the opinions of the consulting physicians. If the ALJ had incorporated the medical opinions that he credited, then Carlson-Berry would not have the capacity to reach with her right arm at all, let alone with the regularity provided in the RFC. The RFC thus overstates Carlson-Berry's ability to use her dominant right side. An accurate appraisal of her capacity to use her right arm is particularly critical because Carlson-Berry would be limited to sedentary jobs that would likely involve work with her hands. Accordingly, the case will be remanded for reconsideration of Carlson-Berry's right arm limitations.

**B. Unresolved conflict between the VE testimony and the DOT**

Carlson-Berry also contends that the vocational expert's (VE) testimony was inconsistent with the Dictionary of Occupational Titles (DOT), and that the ALJ failed to reconcile the discrepancy. The VE testified that Carlson-Berry could work as a telemarketer. The DOT categorizes the telemarketer job as requiring a specific vocation preparation (SVP) level of three. R. 117. However, the VE testified that he considered the job unskilled and sedentary, and so only an SVP level two. Neither the ALJ, nor Carlson-Berry's attorney, followed up on the VE's testimony or asked the VE to explain his departure from the DOT, so the discrepancy remained unexplained.

Where there is an apparent conflict between VE testimony and the DOT, the ALJ has "an affirmative responsibility" to "obtain a reasonable explanation for the apparent conflict. *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006) (citing SSR 00-4p) (emphasis omitted). Despite this responsibility, the ALJ failed to obtain any explanation from the VE about *why* he considered the telemarketing job unskilled, sedentary, or requiring an SVP level of only two instead of three. The Commissioner's answer is that the error was harmless,

3

because even if Carlson-Berry were disqualified from the telemarketer position, she could still perform the surveillance system monitor job. As the court observed at the hearing, the surveillance system monitor position is often cited as employment of last resort, because it can be performed by a person who is almost completely physically incapacitated. When the claimant is so highly restricted that she is able to perform only a few jobs (or perhaps only one), the ALJ must be particularly careful to identify those jobs that are truly within the claimant's capacity. The ALJ failed to reconcile the apparent conflict between the DOT and the VE's testimony, which has a meaningful effect on the jobs available. This issue also requires remand.

## C.  Carlson-Berry's credibility

Carlson-Berry did not challenge the ALJ's credibility determination in this case, presumably because it is reviewed deferentially: it should be upheld unless it is patently wrong. *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015). The ALJ's credibility determination here might not be patently wrong, but it rests on dubious grounds. Accordingly, on remand, the ALJ should reconsider Carlson-Berry's credibility.

The credibility evaluation gets off on the wrong foot by using often-criticized boilerplate language that Carlson-Berry's "testimony is only credible to the extent her testimony is consistent with the conclusion she can do the work described herein." R. 24. But the more fundamental problem is the ALJ's use of Carlson-Berry's activities of daily living. The ALJ found that despite Carlson-Berry's limitations, she "engaged in a somewhat normal level of daily activity and interaction." R. 24. He noted that she drives, takes care of her daughter and pets, prepares meals, cleans the house, does laundry, watches television, and goes to family gatherings, among other activities. *Id.* The ALJ then concluded that "the

physical and mental capabilities requisite to performing many of the tasks described above as well as the social interactions replicate those necessary for obtaining and maintaining employment." *Id.* Carlson-Berry's activities are varied, but it is a mistake to regard them as the equivalent of full-time employment. *Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014) (The Seventh Circuit has "long bemoaned" the tendency to equate "the ability to engage in some activities with an ability to work full-time."). Carlson-Berry's testimony was that her activities are actually quite limited; she can perform them for limited periods at times of her own choosing. The ALJ may determine that Carlson-Berry's limited activities undermine her testimony about her subjective symptoms, but he must explain how they do so without relying on the ill-conceived notion that they are the equivalent of full-time work.

IT IS ORDERED that that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Connie Carlson-Berry's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered July 6, 2016.

                                                    BY THE COURT:

                                                    /s/
                                                    _____
                                                    JAMES D. PETERSON
                                                    District Judge